UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY J. BETTIN,

                    Petitioner,

                                        CIVIL ACTION NO. 05-CV-70817-DT
v.                                      HONORABLE JOHN CORBETT O'MEARA

HUGH WOLFENBARGER,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner Timothy Bettin, a state prisoner presently confined at the Macomb

Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder following

a jury trial in the Kent County Circuit Court in 1999. Petitioner was sentenced as a fourth

habitual offender to life imprisonment without the possibility of parole. In his petition, he raises

claims of insufficient evidence, ineffective assistance of trial counsel, lack of counsel when

police spoke to a witness, and false testimony. For the reasons stated below, the petition for writ

of habeas corpus is denied. A certificate of appealability and leave to proceed on appeal *in*

*forma pauperis* are also denied.

**I.      Facts and Procedural History**

Petitioner's convictions arise from the beating, stabbing, strangling death of his

1

roommate Rickie Constantennia in Kent County, Michigan on August 24, 1998.  The evidence at

trial indicated that the victim was asleep in his apartment bedroom when Petitioner entered,

struck the victim three times on the head with a blunt object, possibly a four-way tire iron,

stabbed the victim in the heart with a kitchen knife, and then strangled the victim with a

clothesline.  The trial testimony further revealed that the victim dealt drugs from his bedroom,

and that Petitioner had money problems and was angry at the victim for not paying his share of

the rent.  Petitioner was arrested after he was observed attempting to cover up the victim's body

with dirt.  Petitioner was found guilty of first-degree premeditated murder.  He was subsequently

sentenced to life imprisonment without the possibility of parole.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of

Appeals, asserting the following claims through counsel and in a supplemental brief:

I.      The evidence was insufficient to find the deliberation and premeditation
        necessary for a first-degree murder conviction.

II.     The trial court abused its discretion when it refused to allow
        potentially exculpatory testimony under the excited utterance, state
        of mind, or catch-all exception to the hearsay rule

III.    The trial court abused its discretion when it allowed the prosecution,
        during redirect examination, to inquire into matters not testified to on
        cross-examination.

IV.     The trial court abused its discretion when it allowed the prosecutor to
        illicit testimony regarding Petitioner's post-arrest silence.

V.      The trial court abused its discretion when it allowed irrelevant and
        prejudicial testimony into evidence regarding a knife found in a
        sewage drain that the prosecution believed was used in the murder.

VI      The trial court erred in failing to suppress witness John DeJong's
        on-scene identification of Petitioner as an improper pre-trial
        identification.

2

VII.    The case should be remanded for an evidentiary hearing regarding whether jailhouse informants John Falvo and Darwin Miller became agents of the prosecution thereby requiring them to inform Petitioner of his *Miranda* rights before questioning him about the murder.

VIII.   The case should be remanded for an evidentiary hearing on whether the tire iron, alleged to have been used in the murder, had ever been cleaned as testified to by jailhouse informant John Falvo.

IX.     The case should be remanded for an evidentiary hearing regarding whether Petitioner had the effective assistance of counsel.

X.      Petitioner should be granted a new trial because the state intentionally violated his right to due process of law.

XI.     Petitioner should be granted a new trial because the state violated his right to have counsel present during a compelled confrontation with a state witness.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Bettin*, No. 222463, 2001 WL 1606842 (Mich. Ct. App. Dec. 14, 2001) (unpublished). Petitioner attempted to seek leave to appeal with the Michigan Supreme Court, but his pleadings were rejected as untimely on February 26, 2002 because they were not filed within the 56-day period established by Michigan Court Rule 7.302(C)(3).[1] *See* Affidavit of Michigan Supreme Court Clerk.

Petitioner filed a motion for relief from judgment with the trial court on September 13, 2002, asserting the following claims:

I.      The trial testimony of jailhouse informants John Falvo and Darwin Miller was false.

II.     The testimony of Falvo and Miller should have been excluded because they were acting as police agents when Petitioner made inculpatory statements to them.

_____

[1]Michigan Court Rule 7.302(C)(3) allows a defendant to file a delayed application for leave to appeal with the Supreme Court with an affidavit explaining the delay, but states that "a delayed application may not be filed more than 56 days after the Court of Appeals decision."

3

III.    The trial court erred in excluding exculpatory evidence as inadmissable hearsay.

The trial court denied the motion. *People v. Bettin*, No. 98-011381-FC (Kent Co. Cir. Ct. Sept. 17, 2002). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failing to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *People v. Bettin*, No. 250852 (Mich. Ct. App. March 11, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Bettin*, 471 Mich. 898, 688 N.W.2d 82 (2004).

Petitioner thereafter filed the present habeas petition, raising the following claims as grounds for relief:

I.    The evidence was insufficient to find the deliberation and premeditation necessary for a first-degree murder conviction.

II.    Trial counsel was ineffective for failing to impeach key prosecution witnesses and for failing to securing corroborating evidence.

III.    Petitioner should be granted a new trial because the state violated his right to have counsel present during a compelled confrontation with a state witness.

IV.    Petitioner was denied a fair trial through the state's introduction of false testimony.

Respondent has filed an answer to the petition asserting that it should be denied based upon procedural default.

## II.   <u>Standard of Review</u>

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

4

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

5

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, the AEDPA requires that this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**III.**   <u>**Analysis**</u>

      A.   <u>Procedural Default of Habeas Claims I, II, and III</u>

In his first three habeas claims, Petitioner raises claims of insufficient evidence, ineffective assistance of trial counsel, and lack of counsel. Respondent contends that these claims are barred by the doctrine of procedural default because Petitioner failed to timely appeal the Michigan Court of Appeals' December 14, 2001 decision to the Michigan Supreme Court.

A state prisoner's habeas corpus claims are procedurally defaulted if the prisoner has

6

failed to comply with an independent and adequate state procedural rule, thus causing default of the prisoner's federal claims in state court.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  This can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so.  *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994).  In *Coleman*, the United States Supreme Court held that if the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven with federal law, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition.  *Id.* at 735.  The Court went on to note:

> This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims [citation omitted].

*Id.* at 735 n.1.

The record demonstrates that Petitioner did not timely seek review of his habeas claims on direct appeal to the Michigan Supreme Court.  The Michigan Supreme Court rejected Petitioner's delayed application for leave to appeal because he submitted the application beyond the 56-day time period for seeking such review under Michigan Court Rule 7.302(C)(3).  Thus, Petitioner procedurally defaulted his habeas claim in the state courts.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 753; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Gravley v.*

*Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).  The cause and prejudice test should be applied to all occasions where a procedural default bars state litigation of a constitutional claim.  *Coleman*, 501 U.S. at 750.

To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule.  *Murray*, 477 U.S. at 488.  A petitioner must present a substantial reason to excuse the default.  *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988); *Rust*, 17 F.3d at 161.  In this case, Petitioner alleges that he did not receive a copy of the Michigan Court of Appeals December 14, 2001 decision until January 8, 2002 due to a prison transfer and delay in receiving mail.  Even if this is true, however, Petitioner has not established cause for his failure to timely seek leave to appeal with the Michigan Supreme Court.  Even if Petitioner did not receive notice of the decision until January 8, 2002, he had 31 days – until February 8, 2002 – in which to file a delayed application for leave to appeal with the Michigan Supreme Court.  Petitioner has thus failed to establish cause to excuse his procedural default.

This Court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default.  *See, e.g., Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000) (Gadola, J.).

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Murray v. Carrier*, 477 U.S. at 496.  ""[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 624

8

(1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his

allegations of constitutional error with new reliable evidence -- whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was

not presented at trial."  *Schlup*, 513 U.S. at 324.  Petitioner has made no such showing in this

case.  His habeas claims are thus barred by the doctrine of procedural default.

       B.    <u>False Testimony - Habeas Claim IV</u>

In his fourth habeas claim, Petitioner asserts that he is entitled to habeas relief because

the prosecution introduced false testimony, in particular the testimony of jailhouse informant

John Falvo.  Petitioner first raised this issue in his motion for relief from judgment.[2]  The trial

court denied relief on this claim, finding that Petitioner had failed to establish that the cellmates

committed perjury and had failed to established that the prosecution knowingly relied upon

false testimony.  The Michigan appellate courts subsequently denied leave to appeal for failure

to establish entitlement to relief under Michigan Court Rule 6.508(D).

The Michigan appellate courts' reliance upon Michigan Court Rule 6.508(D) could

constitute a procedural default.  *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).  The

Court, however, finds that the Michigan appellate courts' reference to Michigan Court Rule

6.508(D) is not a clear procedural default in this case, however, because the state trial court

denied relief on the merits of this issue.  *See Abela v. Martin*, 380 F.3d 915, 922-23 (6th Cir.

2004) (Michigan Supreme Court's reference to MCR 6.508(D) may not be clear procedural

default when a lower court denies relief on the merits).  Accordingly, the Court will address the

---

[2]Thus, contrary to Respondent's argument, this claim is not procedurally defaulted based upon
any alleged failure to present the issue to the Michigan Supreme Court.

merits of this claim.

To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *See Coe v. Bell,* 161 F.3d 320, 343 (6th Cir. 1998) (citing *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989)). The burden is on the defendant to show that the testimony was actually perjured. *Id*. Furthermore, the knowing use of false or perjured testimony constitutes a denial of due process only "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976); *Coe,* 161 F.3d at 343. This standard is equivalent to the *Chapman v. California*, 386 U.S. 18, 24 (1967), "harmless beyond a reasonable doubt" standard. *See United States v. Bagley*, 473 U.S. 667, 679, n. 9 (1985).

In this case, the trial court denied relief on this claim, finding that Petitioner had failed to demonstrate that the cellmate testimony was false or that the prosecution knowingly presented false testimony. This decision is neither contrary to Supreme Court precedent, nor an unreasonable application of federal law or the facts. While Petitioner challenges the veracity of the testimony of witnesses, particularly John Falvo, he has failed to set forth facts which establish that the witnesses testified falsely or that the prosecution knew of any such false testimony. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). While Petitioner cites to various perceived inconsistencies in the evidence, he has not shown that the prosecution knowingly presented false testimony. Habeas relief is not warranted on this claim.

10

## IV.    <u>Conclusion</u>

For the reasons stated, the Court concludes that Petitioner's first three habeas claims are barred by procedural default, that his fourth claim lacks merit, and that he is not entitled to federal habeas relief.  The petition must therefore be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

For the reasons stated, the Court concludes that reasonable jurists would not find the

Court's procedural ruling debatable.  Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.  No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  April 3, 2006

12